IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10CV524-MOC-DSC

KIMBERLY NEELEY, )
      Plaintiff, )
       )
   vs. ) **MEMORANDUM AND RECOMMENDATION**
       )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
      Defendant. )
       )

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9); "Defendant's Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405 (g)" (document #10); "Defendant's Amended Motion for Entry of Final Judgment Under Sentence Four of 42 U.S.C. § 405 (g) with Reversal and Remand of the Cause to the Defendant" (document #13); and the parties' associated briefs and exhibits. Documents ##9-1, 11, 14 and 15).

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned concludes that this matter should be remanded to the Appeals Council to address the issue of new and material evidence regarding Defendant's subsequent decision to allow benefits. Accordingly, the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" and "Defendant's Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405 (g)" be <u>denied as moot</u>; that "Defendant's Amended Motion for Entry of Final Judgment Under Sentence Four of 42 U.S.C. § 405 (g) with Reversal and Remand of the Cause to

the Defendant" be granted; that the Commissioner's decision be reversed; and that this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

In his Amended Motion, Defendant moves for remand to the Appeals Council with instructions to "to address the issue of new and material evidence with respect to the file associated with the subsequent allowance" of benefits. Document #13.

As the Court recently discussed in Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *3 (W.D.N.C. 2010), when the agency reaches two different determinations regarding a plaintiff's disability status, that situation is covered by Hearings, Appeals, and Litigation Law Manual (HALLEX) I-5-3-17. The Manual provides that if the initial or reconsideration determination on a subsequent application is favorable, then the Appeals Council will consider evidence from the subsequent claim to determine whether there is new and material evidence relating to the prior claim. Since the Appeals Council has not complied with that mandate – that is, has not considered the impact, if any, of the allowance of benefits on the subsequent application – remand to the Appeals Council is appropriate.

Accordingly, the undersigned respectfully recommends that the Commissioner's decision be reversed and the cause remanded to the Appeals Council for consideration of new and material evidence with respect to Defendant's subsequent decision to allow benefits.

### RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #9) and Defendant's "Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405 (g)" (document #10) be **DENIED AS MOOT**; that "Defendant's Amended Motion for Entry of Final Judgment Under Sentence Four of

42 U.S.C. § 405 (g) with Reversal and Remand of the Cause to the Defendant" (document #13) be **GRANTED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** to the Appeals Council pursuant to Sentence Four of 42 U.S.C. § 405(g).[1]

### NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

---

[1] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO RECOMMENDED AND ORDERED**.

Signed: July 15, 2011

David S. Cayer
United States Magistrate Judge