IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:10-cv-524-MOC-DSC

| | |
|---|---|
| KIMBERLY NEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | AMENDED ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Pursuant to the authority of this Court to award fees and expenses to a prevailing party other than the United States incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's August 11, 2011 Judgment and Order remanding this case to the Defendant Commissioner for further administrative proceedings under Title II of the Social Security Act, 42 U.S.C. § 423,

IT IS HEREBY ORDERED that the United States Social Security Administration shall pay attorney's fees in the amount of four thousand three hundred and forty dollars ($4,340.00) in full satisfaction of any and all attorney's fee claims Plaintiff may have in this case under the Equal Access to Justice Act. Pursuant to the United States Supreme Court's ruling in Commissioner of Social Security v. Ratliff, 560 U.S. ----, 130 S.Ct. 2521 (2010), these attorney fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If subsequent to the

entry of this Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor the signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. Moreover, if the Commissioner discovers that Plaintiff owes the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to counsel, rather than to Plaintiff. It is further ordered, pursuant to 28 U.S.C. § 2412(a)(1), that the Department of Justice shall reimburse Plaintiff for costs incurred in this litigation in the amount of three hundred sixty-seven dollars and sixty-four cents ($367.64), payable from the Judgment Fund rather than from funds of the United States Social Security Administration.

**SO ORDERED**.  Signed: September 19, 2011

David S. Cayer
United States Magistrate Judge